**I**N **THE** **United States District Court**
F**OR THE** S**OUTHERN** D**ISTRICT OF** T**EXAS**
B**ROWNSVILLE** D**IVISION**

| | |
|---|---|
| MICHEAL JAMES TREVINO, MATTHEW ROBERT TREVINO, AND MARK ANDREW TREVINO, INDIVIDUALLY AND AS HEIRS OF THE ESTATE OF JESUS TREVINO, DECEASED<br>    PLAINTIFFS<br><br>AND<br><br>NICOLAS TREVINO AND JESSE TREVINO<br>    PLAINTIFF-INTERVENORS<br><br>VS.<br><br>JESUS MANUEL TREVINO GARZA DBA TRANSPORTES TREGA AND JUAN JOSE BAZALDUA-SANCHEZ<br>    DEFENDANTS | §§§§§§§§§§§§§§§§§§§§§  Civil Action No. 1:23-cv-00083 |

## **PLAINTIFF-INTERVENORS' COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, NICHOLAS TREVINO AND JESSE TREVINO (hereinafter collectively referred to as "Plaintiff-Intervenors") complaining of JESUS MANUEL TREVINO GARZA DBA TRANSPORTE TREGA AND JUAN JOSE BAZALDUA-SANCHEZ. ("Defendants") for cause of action would respectfully show unto the Court as follows:

### I. PARTIES

1.1   Plaintiff-Intervenor Nicolas Trevino is an individual and resident of Grapevine, Texas.

1.2   Plaintiff-Intervenor Jesse Trevino is an individual and resident of Rio Hondo,

Texas.

1.3     Plaintiff Michael Trevino is an individual residing in Pearland, Texas.

1.4     Plaintiff Matthew Trevino is an individual residing in Miami, Florida.

1.5     Plaintiff Mark Trevino is an individual residing in Pearland, Texas.

1.6     Defendant, Juan Jose Bazaldua-Sanchez is an individual and resident of Matamoros, Tamaulipas, Mexico.

1.7     Defendant, Jesus Manuel Trevino Garza, DBA Transportes Trega, is a Foreign corporation organized and existing under the laws of Mexico.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding costs and interest. 28 U.S.C. §1332(a)(1).

## III. VENUE

3.1     This judicial district is the proper venue because the cause of action arose within the Southern District of Texas, Brownsville Division.  28 U.S.C.A. §1391(b).

3.2 Venue is proper in this district under 28 U.S.C.A. §1402(b) because the acts and omissions complained of occurred in this district.

## IV. FACTS

4.1     This lawsuit concerns a fatal motor vehicle collision that occurred on or about January 20, 2023, in Harlingen, Texas. The collision involved an 18-wheeler tanker truck driven by Defendant Sanchez and under the control and authority of Defendant Transportes Trega,

which struck several personal automobiles. One of the vehicles was being driven by Jesus Trevino, who was killed in the collision.

4.2     At approximately 2:22 pm on January 20th, Mr. Jesus Trevino was traveling westbound in his 2009 Jeep Wrangler near the 25000 block of FM 106 in Harlingen. There was a car a short distance ahead of him and another approximately to his left. At the same time up ahead, Mr. Sanchez was driving a Kenworth tractor trailer eastbound toward him.

4.3     Suddenly, Mr. Sanchez failed to stay in his lane, left the roadway to his right, then swerved back left onto the roadway and over into oncoming traffic. Mr. Sanchez struck the driver ahead of Mr. Trevino head on, causing the tractor trailer to jack-knife, blocking the entire roadway directly in front of Mr. Trevino and the vehicle beside him. Mr. Trevino had no time to stop and nowhere to go and collided into and underneath the trailer, coming to a rest beyond the wrecked trailer. Mr. Trevino died as a result of the blunt force trauma sustained in the collision.

4.4     Harlingen Police Officer Erick Estrada responded to the scene. Officer Estrada placed Mr. Sanchez at fault for the wreck and placed him under arrest on two charges of manslaughter.

## V. FIRST CLAIM OF RELIEF
## NEGLIGENCE - DEFENDANT JUAN JOSE BAZALDUA-SANCHEZ

5.1     Intervenors would show that on the occasion in question, Defendant Sanchez failed to use ordinary care by various acts and omissions, including the following, each of which, singularly or in combination with others, was a proximate cause of the occurrence in question:

a.     In traveling at an excessive rate of speed.

b.     In failing to keep a proper lookout.

c.     In failing to make a timely application of the brakes.

    d.    In failing to turn the vehicle in order to avoid the collision.

    e.    In failing to yield the right-of-way.

    f.    In failing to safely park or stop the vehicle.

    g.    In failing to obey traffic signs warning of approaching hazard or a traffic sign regulating the speed and movement of traffic.

    h.    In failing to maintain an assured clear distance between the vehicles:

    i.    In driving a commercial motor vehicle knowing that he was not properly qualified.

    j.    In driving a commercial motor vehicle knowing he lacked the requisite experience and training to safely drive a commercial motor vehicle.

    k.    In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

    l.    In violating hours of service regulations and driving when he was too tired to do so safely.

    m.    In failing to inspect his vehicle to ensure it was in a safe condition to drive on the public roadways.

    n.    In driving when distracted by an electronic device.

5.2    Each of such acts or omissions, singularly or in combination with others, constitutes negligence and gross negligence on the part of Defendant Sanchez which proximately caused the wrongful death of Jesus Trevino.

5.2    Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Sanchez which proximately caused the loss of consort which Plaintiff-Intervenors now suffer.

## VI. SECOND CLAIM OF RELIEF
## NEGLIGENT ENTRUSTMENT – TRANSPORTES TREGA

6.1. At the time and on the occasion in question, and immediately prior thereto, Defendant Transportes Trega was guilty of negligent entrustment, in that Defendant Transportes Trega knew or should have known that Defendant Sanchez was an incompetent and/or reckless driver. As a direct result of this negligent entrustment, Defendant Sanchez caused the collision in question. Defendant Sanchez was subsequently negligent in his operation of the vehicle, and such negligence was reasonably foreseeable at the time Defendant Transportes Trega gave Defendant Sanchez permission to drive its vehicle.

6.2 Each of such acts or omissions, singularly or in combination with others, constitutes negligence on the part of Defendant Transportes Trega which proximately caused the injuries and damages which Plaintiff-Intervenors now suffer.

## VII. NEGLIGENT SUPERVISING, TRAINING
## AND/OR RETAINING AN EMPLOYEE BY DEFENDANT TRANSPORTES TREGA

7.1 Defendant Transportes Trega owed Plaintiff-Intervenors a legal duty to hire, supervise, train, and/or retain competent employees and/or agents. Defendant Transportes Trega breached this duty, and the breach proximately caused the wrongful death of Jesus Trevino and Plaintiff-Intervenors' injuries and damages. Transportes Trega allowed Defendant Sanchez to drive a commercial motor vehicle without properly qualifying Defendant Sanchez. Defendant Transportes Trega did not perform any background or character verification as required by the Code of Federal Regulations and did not properly qualify Defendant Sanchez to drive a commercial motor vehicle. Furthermore, Defendant Transportes Trega breached its duty to provide adequate training and supervision of Defendant Sanchez regarding his operation of a

commercial motor vehicle.

## VIII. RESPONDEAT SUPERIOR - DEFENDANT TRANSPORTES TREGA COMPANY, INC.

8.1 At the time of the collision in question, Defendant Sanchez was within the course and scope of his employment with Defendant Transportes Trega Defendant Transportes Trega is responsible for the negligent acts of their employee pursuant to the doctrines of Respondeat Superior, Joint Venture and Agency.

8.2 At the time of the collision, Defendant Sanchez was an employee of Defendant Transportes Trega. Defendant Sanchez was acting within the course and scope of his employment at the time of the collision.

8.3 In the alternative, Defendant Sanchez was a statutory employee under the Statutory Employee Doctrine. Interstate motor carriers are required by 49 U.S.C.A. §14102 (a) to assume full direct and control of the vehicles it leases and the drivers it hires and/or dispatches. Defendant Transportes Trega is vicariously liable for the negligent acts and omissions committed by Defendant Sanchez.

## IX. Wrongful Death Damages

9.1 The damages that Plaintiff -Intervenor Nicholos Trevino has (and will) sustain as a result of the death of Jesus Trevino include:

> a. The loss of care, maintenance, support, services, advice and counsel that he would, in reasonable probability, have received from the decedent had he lived (pecuniary loss);
>
> b. The loss of positive benefits flowing from the love, comfort, companionship and society that he would, in reasonable probability, have received from the decedent had he lived (loss of companionship and society);

    c.  The emotional pain, torment, and suffering experienced because of the injuries and death of the decedent (mental anguish); and

    d.  The loss of the present value of the assets that the decedent, in reasonable probability, would have added to his estate and left at natural death to them.

 9.2  These damages are within the jurisdictional limits of this Court and were proximately caused by the acts and/or omissions of the Defendants, singularly and collectively.

    i.  All other elements of damage to which Plaintiff-Intervenor Nicholos Trevino may be entitled to under the law.

 9.3  The damages that Plaintiff-Intervenor Jesse Trevino has (and will) sustain as a result of the death of Jesus Trevino include:

    e.  The loss of care, maintenance, support, services, advice and counsel that he would, in reasonable probability, have received from the decedent had he lived (pecuniary loss);

    f.  The loss of positive benefits flowing from the love, comfort, companionship and society that he would, in reasonable probability, have received from the decedent had he lived (loss of companionship and society);

    g.  The emotional pain, torment, and suffering experienced because of the injuries and death of the decedent (mental anguish); and

    h.  The loss of the present value of the assets that the decedent, in reasonable probability, would have added to his estate and left at natural death to them.

 9.4  These damages are within the jurisdictional limits of this Court and were proximately caused by the acts and/or omissions of the Defendants, singularly and collectively.

    i)  All other elements of damage to which Plaintiff-Intervenor Jesse Trevino may be entitled to under the law.

## X. EXEMPLARY DAMAGES

10.1    The death of Jesus Trevino was the result of Defendants' gross negligence. Defendant Sanchez was grossly negligent in the operation of his commercial motor vehicle as set forth in Section V. of this Complaint.  In addition, Defendant Transporte Trega was grossly negligent in their supervision, training, and retention of Defendant Sanchez as set forth in Section VII of this complaint.  Plaintiff -Intervenors are entitled to exemplary damages in an amount to be determined by the jury.

## XI. PRAYER

11.1    FOR THESE REASONS, Plaintiffs request that upon final trial Plaintiff-Intervenors recover the following from Defendants:

a. Judgment against Defendants for Plaintiff-Intervenors' damages, as set forth above, in amounts the jury determines to be fair and reasonable;

b. Interest on the judgment at the highest lawful rate from the date of judgment;

c. Prejudgment interest on Plaintiff-Intervenors' damages at the highest lawful rate;

d. Costs of court; and

e. Such other and further relief, both general and special, at law and in equity, to which Plaintiff-Intervenors may show themselves justly entitled.

Respectfully submitted,

**TATE REHMET LAW OFFICE, P.C.**
2902 N. US Hwy. 75
Sherman, Texas 75090
Phone: (903) 892-4440
Facsimile: (972) 387-2725
Email: **service@tatelawoffices.com**

By: _____
**CHRISTOPHER REHMET**
State Bar No.: 24035414
**ATTORNEY FOR PLAINTIFF-INTERVENORS**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of July 2023, a true and correct copy of the foregoing document was sent to the following via the means indicated below:


**Via Email and US Mail:**
Ayesha Rafi
SBN 24060455
Kyle DeBose  kdebose@rafidebose.com
SBN 24084302
RAFI/DEBOSE PLLC
8330 LBJ Freeway, Suite B850
Dallas, TX  75243
(214) 224-0064
   *Attorney for Plaintiffs Michael, Matthew, and Mark Trevino*


**Via Email and US Mail:**
Tamara Rodriguez   trodriguez@vrrtxlaw.com
SBN 00791647
VODURRI, RODRIGUEZ & REYNA, LLP
202 North 10th Avenue
Edinburg, TX  78541
(956) 381-6602
   *Attorney for Defendants*


   /s/ Christopher Rehmet
**CHRISTOPHER REHMET**